**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| GOVERNMENT ACCOUNTABILITY & OVERSIGHT,<br>30 N. Gould Street, #12848<br>Sheridan, WY 82801,<br><br>Plaintiff,<br><br>v.<br><br>UNITED STATES DEPARTMENT OF COMMERCE,<br>1401 Constitution Avenue, N.W.<br>Washington, D.C. 20230,<br><br>and<br><br>NATIONAL OCEANIC AND ATMOSPHERIC ADMINISTRATION,<br>1401 Constitution Avenue, N.W.<br>Washington, D.C. 20230,<br><br>Defendants. | Civil Action No. 26-cv-3556 |

## COMPLAINT UNDER THE FREEDOM OF INFORMATION ACT

## INTRODUCTION

1. Plaintiff Government Accountability & Oversight ("GAO") brings this action under the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552. GAO seeks to compel the United States Department of Commerce ("Commerce") and its component, the National Oceanic and Atmospheric Administration ("NOAA"), to produce agency records that NOAA has withheld past every deadline the statute allows.

2. GAO made two requests. One seeks email of three officials in NOAA's Climate Program Office. The other seeks email of a scientist working at NOAA's Physical Sciences Laboratory. Both requests cover the same short window of time in 2026. Both use the same two lists of search terms, and a message must hit both lists to be responsive.

Both carve out newsletters, mass mailings, automated replies, published materials, and duplicates.

3. NOAA granted GAO a full fee waiver on each request. NOAA then told GAO, in writing, that it would respond to the requests by September 1 and September 3, 2026, respectively. Those dates came and went. More than fifty working days after receiving the requests, NOAA has made no determination on either one and has produced not a single record.

4. FOIA gives an agency twenty working days to decide a request, and ten more in unusual circumstances. 5 U.S.C. § 552(a)(6)(A)(i), (B)(i). NOAA has used all of this time and then some, but has not issued a determination as to either of Plaintiff's requests. GAO is therefore deemed to have exhausted its administrative remedies as to both requests, *id.* § 552(a)(6)(C)(i). GAO asks the Court to order Defendants to search for and produce the records.

## JURISDICTION AND VENUE

5. This Court has jurisdiction under 5 U.S.C. § 552(a)(4)(B) and 28 U.S.C. § 1331.

6. Venue lies in this District under 5 U.S.C. § 552(a)(4)(B) and 28 U.S.C. § 1391(e).

## PARTIES

7. Plaintiff GAO is a non-profit public-policy organization recognized under the laws of Wyoming and recognized under section 501(c)(3) of the Internal Revenue Code. GAO is dedicated to transparency in government. It gathers information about the operations of government, including through public-records requests, turns that

information into distinct published reports, articles, and commentary, and distributes those works to the public through its website, https://govoversight.org, and through other outlets.

8. Defendant Commerce is an agency of the United States within the meaning of 5 U.S.C. § 552(f)(1).

9. Defendant NOAA is a component of Commerce and is itself an agency within the meaning of 5 U.S.C. § 552(f)(1). NOAA received and processed the requests at issue. Commerce and NOAA have possession, custody, and control of the records GAO seeks. They are referred to together as "Defendants."

## FACTS

### I. GAO asked for a narrow set of Climate Program Office emails, and NOAA has not answered.

10. On July 21, 2026, GAO submitted a FOIA request to NOAA through the FOIA.gov portal. A true copy of the request is attached as Exhibit 1.

11. The request sought email sent or received between March 1, 2026 and July 21, 2026, inclusive, by three officials of NOAA's Climate Program Office, within the Office of Oceanic and Atmospheric Research: (1) Dan Barrie, Program Manager, Modeling, Analysis, Predictions, and Projections ("MAPP") Program; (2) David Benson, Program Analyst, MAPP Program, whether employed by NOAA or by a cooperative institute or contractor; and (3) Annarita Mariotti, Senior Advisor and Scientist.

12. The request reached only messages that met two conditions at once. First, a message had to contain at least one of these terms: "NASEM"; "attribute"; "attribution"; "RCP 8.5"; "RCP8.5"; "business as usual"; "BAU" as a freestanding term; or "reference scenario." Second, the same message had to contain at least one of these terms: "Burger";

"Sabin"; "Edling"; "Merner"; "Heede"; "Wiles"; "Worthington"; "@climateintegrity.org"; or "climate accountability." Ex. 1 at Part 1.

13. To ease NOAA's burden further, GAO's request asked NOAA to treat exact duplicates as non-responsive. It also asked NOAA to set aside seven categories of material, including mass mailings, newsletters and press clippings, subscription emails, draft attachments, automated replies, and published or docketed materials. *Id.*

14. GAO's request asked NOAA to search the custodians' active accounts and any archived, backup, or Capstone-preserved accounts. It asked for the records in native electronic format. *Id.* at Parts 2 and 3.

15. By letter dated July 21, 2026, NOAA acknowledged that it had received the request that day and assigned it tracking number DOC-NOAA-2026-001939. In the same letter NOAA invoked a ten-working-day extension under 15 C.F.R. § 4.6(d). NOAA stated that it was "choosing to invoke this 10 day extension and anticipate responding to your request by September 1, 2026." A true copy of the letter is attached as Exhibit 2.

16. NOAA's letter did not identify any unusual circumstance particular to this request. It recited, in the alternative, "the need to search for, collect, and appropriately examine a voluminous amount of separate and distinct records; and/or the need for consultation" with another component or agency. Ex. 2.

17. On July 21, 2026, NOAA granted GAO's request for a fee waiver. NOAA stated that the waiver "applies to all applicable search, review, and duplication fees associated with this request." A true copy of NOAA's fee-waiver email is attached as Exhibit 3.

18. NOAA did not respond to the request by September 1, 2026.

19. On September 30, 2026, a NOAA FOIA Office employee emailed GAO. The email stated: "We are currently retrieving, reviewing and processing records for release. We are working to provide you with an interim release and will continue processing the remaining records thereafter, as applicable." It added that "the processing timeframe will be adjusted accordingly to allow for the review and release of the responsive records." A true copy of the email is attached as Exhibit 4.

20. The September 30 email gave no date for any release. It did not state how many records NOAA had located. It did not state what NOAA intended to produce or withhold, or why. It did not advise GAO of any right to appeal.

21. As of the date of this Complaint, NOAA has produced no records in response to Request DOC-NOAA-2026-001939 and has not communicated a determination on it.

## II. GAO asked for a similarly narrow set of Physical Sciences Laboratory emails, and NOAA has not answered that request either.

22. On July 23, 2026, GAO submitted a second FOIA request to NOAA through the FOIA.gov portal. A true copy of the request is attached as Exhibit 5.

23. The request concerned NOAA's Physical Sciences Laboratory ("PSL") in Boulder, Colorado, within the Office of Oceanic and Atmospheric Research. It sought email sent or received between March 1, 2026 and July 23, 2026, inclusive, "by Joseph.Barsugli@noaa.gov, or on any NOAA email system or account assigned to Joseph Barsugli." Ex. 5 at Part 1.

24. The request explained that Dr. Barsugli is understood to be a research scientist with the Cooperative Institute for Research in Environmental Sciences at the University of Colorado Boulder, working at PSL. It sought records in NOAA's possession

or control, including email on NOAA systems and accounts, regardless of his employer of record. *Id.* at 1.

25. The request used the same two-condition search structure, the same two lists of terms, the same duplicate instruction, and the same seven exclusions as the Climate Program Office request. *Id.* at Part 1.

26. By letter dated July 23, 2026, NOAA acknowledged that it had received the request that day and assigned it tracking number DOC-NOAA-2026-001945. In the same letter NOAA invoked a ten-working-day extension under 15 C.F.R. § 4.6(d), using the same alternative boilerplate, and stated that it "anticipate[d] responding to your request by September 3, 2026." A true copy of the letter is attached as Exhibit 6.

27. On July 23, 2026, NOAA granted GAO's request for a fee waiver on the same terms as before. A true copy of NOAA's fee-waiver email is attached as Exhibit 7.

28. NOAA did not respond to the request by September 3, 2026. As of the date of this Complaint, NOAA has produced no records in response to Request DOC-NOAA-2026-001945 and has not communicated a determination on it.

## III. NOAA has missed every deadline FOIA allows, so GAO may come straight to court.

29. FOIA requires an agency, upon a request that reasonably describes the records sought, to "make the records promptly available to any person." 5 U.S.C. § 552(a)(3)(A).

30. An agency must "determine within 20 days (excepting Saturdays, Sundays, and legal public holidays) after the receipt of any such request whether to comply with such request." *Id.* § 552(a)(6)(A)(i). In unusual circumstances, the agency may extend that period by written notice, but "[n]o such notice shall specify a date that would result

in an extension for more than ten working days," except in circumstances not present here. *Id.* § 552(a)(6)(B)(i).

31. NOAA received the Climate Program Office request on July 21, 2026. The twenty-working-day period expired on August 18, 2026. The extended period expired on September 1, 2026, the very date NOAA itself named.

32. NOAA received the PSL request on July 23, 2026. The twenty-working-day period expired on August 20, 2026. The extended period expired on September 3, 2026, again the date NOAA itself named.

33. NOAA has made no "determination" on either request. To make one, an agency "must at least: (i) gather and review the documents; (ii) determine and communicate the scope of the documents it intends to produce and withhold, and the reasons for withholding any documents; and (iii) inform the requester that it can appeal whatever portion of the 'determination' is adverse." *Citizens for Responsibility & Ethics in Washington v. Fed. Election Comm'n*, 711 F.3d 180, 188 (D.C. Cir. 2013). NOAA has not communicated the scope of the records it intends to produce or withhold, or its reasons for withholding records, for either request. A promise of an undated "interim release" is not a determination.

34. Because NOAA failed to comply with the applicable time limits, GAO "shall be deemed to have exhausted [its] administrative remedies with respect to" each request. 5 U.S.C. § 552(a)(6)(C)(i).

35. GAO has a statutory right to the records it requested, and NOAA has no lawful basis for withholding them.

## CLAIMS FOR RELIEF

### COUNT I
### Violation of FOIA: Failure to Make a Timely Determination and to Produce Records
### (Request DOC-NOAA-2026-001939, Climate Program Office)

36. GAO repeats and incorporates the preceding paragraphs.

37. Request DOC-NOAA-2026-001939 reasonably describes the records sought and was made in accordance with NOAA's published rules.

38. NOAA failed to make and communicate a determination on the request within the time limits set by 5 U.S.C. § 552(a)(6)(A)(i) and (B)(i).

39. GAO has constructively exhausted its administrative remedies under 5 U.S.C. § 552(a)(6)(C)(i).

40. Defendants have improperly withheld agency records responsive to the request, in violation of 5 U.S.C. § 552(a)(3)(A). GAO is entitled to an order compelling Defendants to conduct an adequate search and to produce all non-exempt responsive records. *Id.* § 552(a)(4)(B).

### COUNT II
### Violation of FOIA: Failure to Make a Timely Determination and to Produce Records
### (Request DOC-NOAA-2026-001945, Physical Sciences Laboratory)

41. GAO repeats and incorporates the preceding paragraphs.

42. Request DOC-NOAA-2026-001945 reasonably describes the records sought and was made in accordance with NOAA's published rules.

43. NOAA failed to make and communicate a determination on the request within the time limits set by 5 U.S.C. § 552(a)(6)(A)(i) and (B)(i).

44. GAO has constructively exhausted its administrative remedies under 5 U.S.C. § 552(a)(6)(C)(i).

45. Defendants have improperly withheld agency records responsive to the request, in violation of 5 U.S.C. § 552(a)(3)(A). GAO is entitled to an order compelling Defendants to conduct an adequate search and to produce all non-exempt responsive records. *Id.* § 552(a)(4)(B).

**PRAYER FOR RELIEF**

GAO respectfully asks the Court to:

A. Declare that Defendants violated FOIA by failing to make timely determinations on Requests DOC-NOAA-2026-001939 and DOC-NOAA-2026-001945;

B. Order Defendants to conduct, by a date certain, searches reasonably calculated to uncover all records responsive to each request, including the named custodians' active, archived, backup, and Capstone-preserved NOAA email accounts;

C. Order Defendants to produce, by a date certain, all non-exempt responsive records in native electronic format, together with an index justifying any withholding;

D. Enjoin Defendants from continuing to withhold non-exempt responsive records;

E. Award GAO its reasonable attorney fees and other litigation costs under 5 U.S.C. § 552(a)(4)(E); and

F. Grant such other relief as the Court deems just and proper.

Dated: October 12, 2026

Respectfully submitted,

GOVERNMENT ACCOUNTABILITY &
OVERSIGHT

By Counsel:

/s/ Matthew D. Hardin
Matthew D. Hardin, D.C. Bar No. 1032711
Hardin Law Office
101 Rainbow Drive #11506
Livingston, TX 77399
Phone: (202) 802-1948
Email: MatthewDHardin@protonmail.com