UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| GOVERNMENT ACCOUNTABILITY & OVERSIGHT,<br><br>Plaintiff,<br><br>v.<br><br>UNITED STATES DEPARTMENT OF COMMERCE, *et al.*,<br><br>Defendants. | Civil Action No. 26-3556 (TJK) |

**ANSWER**

Defendants U.S. Department of Commerce ("Commerce") and National Oceanic and Atmospheric Administration ("NOAA") (hereinafter "Defendants") by and through undersigned counsel, respectfully submits this Answer to Government Accountability and Oversight's ("Plaintiff") Complaint (ECF No. 1) filed under the Freedom of Information Act ("FOIA").

Defendants respond to the introductory paragraphs, separately numbered paragraphs, and prayer for relief contained in the Complaint as set forth below. To the extent the Complaint refers to or quotes from external documents, statutes, or other sources, Defendants may refer to such materials for their accurate and complete contents in response; however, Defendants' references are not intended to be, and should not be construed to be, an admission that the cited materials: (a) are correctly cited or quoted by Plaintiff; (b) are relevant to this, or any other, action; or (c) are admissible in this, or any other, action. Defendants respond to the Complaint in like numbered paragraphs as follows:

1. This paragraph consists of Plaintiff's characterization of the action and its requested relief, to which no response is required. To the extent a response is required, Defendants admit that this

action arises under the FOIA. The remaining allegations in this paragraph consist of Plaintiff's legal conclusions, to which no response is required. To the extent a response is deemed required, Defendants deny the allegations and deny any violation of the FOIA.

2. Defendants admit that they received two FOIA requests from Plaintiff. Plaintiff's first FOIA Request was received and acknowledged on July 21, 2026, and assigned tracking number DOC-NOAA-2026-001939; Plaintiff's second FOIA Request was received and acknowledged on July 23, 2026, and assigned tracking number DOC-NOAA-2026-001945. Defendants aver that, on August 25, 2026, NOAA made a final determination on FOIA Request DOC-NOAA-2026-001945 and sent a letter to Plaintiff stating that they found no responsive records to that request. Defendants admit that, as of the date the Complaint was filed, they had not made a final determination on FOIA Request DOC-NOAA-2026-001939. The remaining allegations in this paragraph consist of Plaintiff's characterization of its FOIA Requests. Defendants respectfully refer the Court to FOIA Requests DOC-NOAA-2026-001939 and DOC-NOAA-2026-001945 for a complete and accurate statement of its contents and deny any allegations inconsistent therewith.

3. Defendants admit that NOAA granted fee waivers in both DOC-NOAA-2026-001939 and DOC-NOAA-2026-001945 and that NOAA stated it would respond to the requests by September 1 and September 3, 2026, respectively. Defendants admit that, as of the date the Complaint was filed, they had not made a final determination on FOIA Request DOC-NOAA-2026-001939. Defendants aver they responded to DOC-NOAA-2026-001945 on August 25, 2026, stating that no responsive records were found.

4. This paragraph consists of legal conclusions, to which no response is required. To the extent a response is deemed required, Defendants deny the allegations and deny any violation of the

FOIA.

## JURISDICTION AND VENUE[1]

5. This paragraph consists of Plaintiff's legal conclusions regarding jurisdiction, to which no response is required. To the extent a response is required, Defendants admit that this Court has jurisdiction subject to the terms, conditions, and limitations of the FOIA.

6. This paragraph consists of Plaintiff's legal conclusions regarding venue, to which no response is required. To the extent a response is required, Defendants admit that venue is proper in this judicial district for actions brought under the FOIA.

## PARTIES

7. Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph, and deny them on that basis.

8. Defendant Commerce admits that it is a federal agency subject to the FOIA.

9. Defendant NOAA admits that it is a federal agency subject to the FOIA, and avers that it is an operating unit within the U.S. Department of Commerce. Defendant NOAA admits that it received two FOIA requests from Plaintiff and responded to the requests as set out in paragraph 2 above. The remaining allegations in this paragraph consist of Plaintiff's legal conclusions, to which no response is required. To the extent a response is deemed required, Defendants deny the allegations and deny any violation of the FOIA.

## FACTS

### I. GAO asked for a narrow set of Climate Program Office emails, and NOAA has not answered.

[1] For ease of reference, Defendant's Answer replicates the headings contained in the Complaint. Although Defendants believes that responses to headings in the Complaint are not required, to the extent a response is deemed required and to the extent the headings or subheadings contained in the Complaint or this Answer could be construed to contain factual allegations, any such allegations are denied.

10. Defendants admit that on July 21, 2026, NOAA received a FOIA request from Plaintiff. The remaining allegations in this paragraph consist of Plaintiff's characterization of its July 21, 2026 FOIA Request. Defendants respectfully refer the Court to that request for a complete and accurate statement of its contents and deny any allegations inconsistent therewith.

11. Defendants admit that on July 21, 2026, NOAA received a FOIA request from Plaintiff. The remaining allegations in the paragraph consist of Plaintiff's characterization of its July 21, 2026 FOIA Request. Defendants respectfully refer the Court to that request for a complete and accurate statement of its contents and deny any allegations inconsistent therewith.

12. Defendants admit that on July 21, 2026, NOAA received a FOIA request from Plaintiff. The remaining allegations in the paragraph consist of Plaintiff's characterization of its July 21, 2026 FOIA Request. Defendants respectfully refer the Court to that request for a complete and accurate statement of its contents and deny any allegations inconsistent therewith.

13. Defendants admit that on July 21, 2026, NOAA received a FOIA request from Plaintiff. The remaining allegations in the paragraph consist of Plaintiff's characterization of its July 21, 2026 FOIA Request. Defendants respectfully refer the Court to that request for a complete and accurate statement of its contents and deny any allegations inconsistent therewith.

14. Defendants admit that on July 21, 2026, NOAA received a FOIA request from Plaintiff. The remaining allegations in the paragraph consist of Plaintiff's characterization of its July 21, 2026 FOIA Request. Defendants respectfully refer the Court to that request for a complete and accurate statement of its contents and deny any allegations inconsistent therewith.

15. Defendants admit that NOAA acknowledged receipt of Plaintiff's July 21, 2026 Request the same day and assigned it tracking number DOC-NOAA-2026-001939. The remaining allegations in the paragraph consist of Plaintiff's characterization of that communication.

Defendants respectfully refer the Court to the July 21, 2026 acknowledgement letter for a complete and accurate statement of its contents and deny any allegations inconsistent therewith.

16. Defendants admit that NOAA acknowledged receipt of Plaintiff's July 21, 2026 Request the same day and assigned it tracking number DOC-NOAA-2026-001939. The remaining allegations in the paragraph consist of Plaintiff's characterization of that communication. Defendants respectfully refer the Court to the July 21, 2026 acknowledgement letter for a complete and accurate statement of its contents and deny any allegations inconsistent therewith.

17. Defendants admit that NOAA granted a fee waiver for Plaintiff's July 21, 2026 Request the same day. The remaining allegations in the paragraph consist of Plaintiff's characterization of that communication. Defendants respectfully refer the Court to the July 21, 2026 fee waiver communication for a complete and accurate statement of its contents and deny any allegations inconsistent therewith.

18. Defendants admit that, as of the date of the Complaint was filed, NOAA had not issued a final determination on FOIA Request DOC-NOAA-2026-001939.

19. Defendants admit that NOAA sent an email to Plaintiff on September 30, 2026, regarding Plaintiff's July 21, 2026 FOIA Request. The remaining allegations in the paragraph consist of Plaintiff's characterization of that communication. Defendants respectfully refer the Court to the September 30, 2026 email for a complete and accurate statement of its contents and deny any allegations inconsistent therewith.

20. Defendants admit that NOAA sent an email to Plaintiff on September 30, 2026. The remaining allegations in the paragraph consist of Plaintiff's characterization of that communication.

Defendants respectfully refer the Court to the September 30, 2026 email for a complete and accurate statement of its contents and deny any allegations inconsistent therewith.

21. Defendants admit that, as of the date that the Complaint was filed, NOAA had not issued a final determination on FOIA Request DOC-NOAA-2026-001939.

## II. GAO asked for a similarly narrow set of Physical Sciences Laboratory emails, and NOAA has not answered that request either.

22. Defendants admit that on July 23, 2026, NOAA received a FOIA request from Plaintiff. The remaining allegations in the paragraph consist of Plaintiff's characterization of the July 23, 2026 FOIA Request. Defendants respectfully refer the Court to that request for a complete and accurate statement of its contents and deny any allegations inconsistent therewith.

23. Defendants admit that on July 23, 2026, NOAA received a FOIA request from Plaintiff. The remaining allegations in the paragraph consist of Plaintiff's characterization of that communication. Defendants respectfully refer the Court to that request for a complete and accurate statement of its contents and deny any allegations inconsistent therewith.

24. Defendants admit that on July 23, 2026, NOAA received a FOIA request from Plaintiff. The remaining allegations in the paragraph consist of Plaintiff's characterization of that communication. Defendants respectfully refer the Court to that request for a complete and accurate statement of its contents and deny any allegations inconsistent therewith.

25. Defendants admit that on July 23, 2026, NOAA received a FOIA request from Plaintiff. The remaining allegations in the paragraph consist of Plaintiff's characterization of that communication. Defendants respectfully refer the Court to that request for a complete and accurate statement of its contents and deny any allegations inconsistent therewith.

26. Defendants admit that NOAA acknowledged receipt of Plaintiff's July 23, 2026 the same day

and assigned it tracking number DOC-NOAA-2026-001945. The remaining allegations in the paragraph consist of Plaintiff's characterization of that communication. Defendants respectfully refer the Court to the July 23, 2026 acknowledgement letter for a complete and accurate statement of its contents and deny any allegations inconsistent therewith.

27. Defendants admit that NOAA granted a fee waiver for Plaintiff's July 23, 2026 request the same day. The remaining allegations in the paragraph consist of Plaintiff's characterization of that communication. Defendants respectfully refer the Court to the July 23, 2026 fee waiver communication for a complete and accurate statement of its contents and deny any allegations inconsistent therewith.

28. Defendants aver that, on August 25, 2026, NOAA issued a final determination on FOIA Request DOC-NOAA-2026-001945.

**III. NOAA has missed every deadline FOIA allows, so GAO may come straight to the court.**

29. This paragraph consists of legal conclusions, to which no response is required. To the extent a response is deemed required, Defendants deny the allegations and deny any violation of the FOIA.

30. This paragraph consists of legal conclusions, to which no response is required. To the extent a response is deemed required, Defendants deny the allegations and deny any violation of the FOIA.

31. Defendants admit NOAA received FOIA Request DOC-NOAA-2026-001939 on July 21, 2026. The remaining allegations in this paragraph consist of legal conclusions, to which no response is required. To the extent a response is deemed required, Defendants deny the allegations and deny any violation of the FOIA.

32. Defendants admit NOAA received FOIA Request DOC-NOAA-2026-001945 on July 23,

2026. Defendants aver that NOAA issued a final determination to FOIA Request DOC-NOAA-2026-001945 on August 25, 2026. The remaining allegations in this paragraph consist of legal conclusions, to which no response is required. To the extent a response is deemed required, Defendants deny the allegations and deny any violation of the FOIA.

33. Defendants aver NOAA issued a final determination on FOIA Request DOC-NOAA-2026-001945 on August 25, 2026. Defendants admit that, as of the date the Complaint was filed, NOAA has not issued a final determination on FOIA Request DOC-NOAA-2026-001939. The remaining allegations in this paragraph consist of legal conclusions, to which no response is required. To the extent a response is deemed required, Defendants deny the allegations and deny any violation of FOIA.

34. This paragraph consists of legal conclusions, to which no response is required. To the extent a response is deemed required, Defendants deny the allegations and deny any violation of FOIA.

35. This paragraph consists of legal conclusions, to which no response is required. To the extent a response is deemed required, Defendants deny the allegations and deny any violation of FOIA.

**<u>COUNT I</u>**
**Violation of FOIA: Failure to Make a Timely Determination and to Produce Records**
**(Request DOC-NOAA-2026-001939, Climate Program Office)**

36. Defendants reallege and incorporate by reference their responses to the preceding paragraphs as if set forth fully herein.

37. This paragraph consists of legal conclusions, to which no response is required. To the extent a response is deemed required, Defendants deny the allegations and deny any violation of the FOIA.

38. This paragraph consists of legal conclusions, to which no response is required. To the extent a response is deemed required, Defendants deny the allegations and deny any violation of the FOIA.

39. This paragraph consists of legal conclusions, to which no response is required. To the extent a response is deemed required, Defendants deny the allegations and deny any violation of the FOIA.

40. This paragraph consists of legal conclusions, to which no response is required. To the extent a response is deemed required, Defendants deny the allegations, deny any violation of the FOIA, and deny that Plaintiff is entitled to the relief requested or to any relief whatsoever.

## COUNT II
## Violation of FOIA: Failure to Make a Timely Determination and to Produce Records (Request DOC-NOAA-2026-001945, Climate Program Office)

41. Defendants reallege and incorporate by reference their responses to the preceding paragraphs as if set forth fully herein.

42. This paragraph consists of legal conclusions, to which no response is required. To the extent a response is deemed required, Defendants deny the allegations and deny any violation of the FOIA.

43. Defendants deny this allegation. Defendants aver that NOAA issued a final determination regarding FOIA Request DOC-NOAA-2026-001945 on August 25, 2026.

44. Defendants deny this allegation.

45. Defendants deny the allegations in this paragraph.

## PRAYER FOR RELIEF

The remaining paragraph in the Complaint consists of Plaintiff's request for relief, to which no response is required. To the extent a response is deemed required, Defendants deny that

Plaintiff is entitled to the relief requested. Pursuant to Rule 8(b) of the Federal Rules of Civil Procedure, Defendants assert a general denial as to those allegations that are contained in the Complaint that are not specifically admitted herein.

## DEFENSES

In further response to the Complaint, Defendants raises the following defenses. Defendants respectfully request and reserve the right to amend, alter, and supplement the defenses contained in this Answer as the facts and circumstances giving rise to the Complaint become known to the Defendants throughout the course of litigation.

### FIRST DEFENSE

The Court lacks subject matter jurisdiction to award relief that exceeds the relief authorized by FOIA. *See* 5 U.S.C. § 552.

### SECOND DEFENSE

Plaintiff is not entitled to injunctive or declaratory relief. 5 U.S.C. § 552(a)(4)(B).

### THIRD DEFENSE

Plaintiff is not entitled to compel the production of any record or portions thereof protected from disclosure by one or more exemptions or exclusions enumerated in the FOIA, 5 U.S.C. § 552, the Privacy Act, 5 U.S.C. § 552a, or other applicable law.

### FOURTH DEFENSE

Plaintiff is not entitled to production of non-exempt portions of records that are not reasonably segregable from exempt portions of records.

**FIFTH DEFENSE**

Plaintiff is neither eligible for nor entitled to attorneys' fees or costs.

Dated: November 12, 2026

Respectfully submitted,

JEANINE FERRIS PIRRO
United States Attorney

By: */s/ Danielle D. Peraza*

DANIELLE D. PERAZA,
DC Bar No. 900938597
Assistant United States Attorney
601 D Street, NW
Washington, DC 20530
202 - 252 - 1764
Danielle.peraza@usdoj.gov

*Attorneys for the United States of America*